IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:09-cv-2687-JPM-dkv |
| | ) |
| DELTA AIRLINES, INC., successor | ) |
| to NORTHWEST AIRLINES, INC.; | ) |
| NORTHWEST AIRLINES, INC.; | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING JAMES HUGH WEBB, M.D.'s
## MOTION TO DISMISS AMENDED COMPLAINT

Before the Court is James Hugh Webb, M.D.'s ("Dr. Webb")[1]
Motion to Dismiss Amended Complaint (Docket Entry ("D.E.") 50),
filed April 29, 2010.  Plaintiff Kathleen Wilson ("Plaintiff")
responded in opposition on May 6, 2010.  (D.E. 51.)  Dr. Webb
filed a reply with leave of Court on May 14, 2010.  (D.E. 55.)
On July 1, 2010 Plaintiff filed a Motion to Amend Complaint and
Amended Complaint to Substitute and Name James Hugh Webb as the
Real Party in Interest for "John Doe."  (D.E. 61.)  For the
following reasons, Dr. Webb's motion to dismiss is GRANTED and
Plaintiff's motion to amend is DENIED as moot.

---

[1]    Dr. Webb was served with a summons in this matter as Defendant John
Doe.  (D.E. 44.)

I.   <u>BACKGROUND</u>

Plaintiff's Amended Complaint asserts five claims against Dr. Webb arising from an encounter between the parties aboard a Northwest Airlines, Inc. ("Northwest") flight on October 29, 2008.[2]  (Am. Compl. (D.E. 25).)  Plaintiff seeks to hold Dr. Webb liable for (1) assault and battery, (2) conspiracy to violate civil rights in violation of 42 U.S.C. § 1985,[3] (3) tortious interference, (4) infliction of emotional distress, and (5) malicious harassment in violation of the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated § 4-21-701.  (<u>Id.</u> ¶¶ 62-64, 68-79.)

On October 29, 2008 Plaintiff boarded a Northwest flight from Memphis, Tennessee to Detroit, Michigan.  (<u>Id.</u> ¶ 24.) Plaintiff claims that while boarding and situating her bags, Dr. Webb told her to "[m]ove it, you nig . . . [sic]," "physically elbow[ed] her" away from the armrest causing her soda to spill on her lap, and "kick[ed] her purse with his foot."  (<u>Id.</u> ¶¶ 28-29, & 33.)  Plaintiff alleges that the flight attendants did

---

[2]    In Paragraph 24 of the Amended Complaint, Plaintiff alleges that the flight at issue occurred on October 29, 2008. (Am. Compl. ¶ 24.)  Yet in Paragraphs 9 and 63, Plaintiff alleges that the flight occurred on October 28, 2008. (<u>Id.</u> ¶¶ 9, 63.)  In an attempt to view the facts in the light most favorable to the plaintiff, the Court will adopt the October 29, 2008 flight date.  The Court notes, however, that this discrepancy is immaterial to the Court's analysis.

[3]    On June 30, 2010 Plaintiff filed a Notice of Dismissal as to Plaintiff's claim against all Defendants, including Dr. Webb, for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985. (D.E. 60.)  The Court therefore does not address this claim in the remaining portion of the Order although it would be subject to the same statute of limitations analysis.

nothing to protect her from Dr. Webb's abusive behavior, merely
instructing her to sit in a different seat.  (Id. ¶¶ 34-39.)
For the remainder of the flight, Plaintiff claims that she was
"frightened, humiliated, embarrassed," and experienced the onset
of a "severe and debilitating migraine headache" because of the
"absence of intervention or any demonstration of concern for her
plight by the cabin crew."  (Id. ¶ 42.)

    Plaintiff filed her original Complaint on October 26, 2009,
naming Delta Airlines, Inc. ("Delta"), successor to Northwest,
and John Doe as defendants.  (D.E. 1.)  On February 22, 2010
Plaintiff amended her complaint, adding Northwest as a
defendant.  (D.E. 25.)  On March 15, 2010 the magistrate judge
issued a protective order requiring Delta to release the "name
and, if known, the address and telephone number of the
individual . . . identified in Plaintiff's Amended Complaint as
'John Doe.'"  (D.E. 36.)  In light of the protective order, the
Court granted Plaintiff's Motion to Extend Time to Serve
Defendant John Doe by April 18, 2010.  (D.E. 41.)  Dr. Webb was
served with a summons addressed to "James Hugh Webb (Defendant,
John Doe)" on March 22, 2010.  (D.E. 44.)  On July 1, 2010,
Plaintiff filed a motion to amend her Complaint and Amended
Complaint to add Dr. Webb as a defendant.  (D.E. 61.)

    In the instant motion to dismiss, Dr. Webb argues that
Plaintiff's claims are subject to a one-year limitations period,

3

and Plaintiff's failure to properly name Dr. Webb as a defendant within this period of time is fatal to her entitlement to relief.  (Dr. Webb's Mem. in Support of Mot. to Dismiss ("Webb's Mot. to Dismiss") (D.E. 50-1) at 3.)  In the event the Court finds that Plaintiff has timely asserted her claims, Dr. Webb argues that Plaintiff's factual allegations fail to state a claim for relief.  (Id.)

Plaintiff concedes that with the exception of her claim against Dr. Webb for "tortious interference," Tennessee's one-year statute of limitations period pursuant to Tennessee Code Annotated § 28-3-104 applies to her claims.  (Pl.'s Resp. in Opp'n ("Pl.'s Resp.") (D.E. 51) at 3.)  Plaintiff argues, however, that her claims are not time-barred because her original complaint was filed prior to the expiration of the one-year limitations period.  (Id. at 1-2.)  Plaintiff's response does not address the fact that her original Complaint does not name Dr. Webb as a defendant.

## II.  **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if

it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Courie v. Alcoa Wheel & Forged Prods.</u>, 577 F.3d 625, 630 (6th Cir. 2009) (<u>quoting</u> <u>Iqbal</u>, 129 S. Ct. at 1949).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." <u>In re Travel Agent Comm'n Antitrust Litig.</u>, 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted).  The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." <u>Id.</u> at 903 (citations and quotation marks omitted).

## III. <u>ANALYSIS</u>

With the exception of her "tortious interference" claim, which will be discussed in Section D, Plaintiff concedes that Tennessee's one-year statute of limitations pursuant to Tennessee Code Annotated § 28-3-104 applies to her claims. (Pl.'s Resp. at 3.)  In relevant part, § 28-3-104(a) provides that the following actions shall be commenced within one-year after the cause of action accrued:

> (1)  Actions for libel, *for injuries to the person*, false imprisonment, malicious prosecution, breach of marriage promise;
> . . .

> (3)   Civil  actions  for  compensatory  or  punitive
>        damages, or both, brought under the federal civil
>        rights statutes; . . . .

Tenn. Code Ann. §§ 28-3-104(a)(1) & (3) (emphasis added).  As a
result, Plaintiff's claims of assault, battery, and intentional
infliction of emotional distress are all subject to the one-year
statute of limitations.  See, e.g. Seaton v. Seaton, 971 F.
Supp. 1188, 1195 (E.D. Tenn. 1997) (citing Tenn. Code Ann. § 28-
3-104 as applicable to torts of assault, battery, and
intentional infliction of emotional distress).  Plaintiff's
malicious harassment claim is also subject to the one-year
statute of limitations period set forth in the Tennessee Human
Rights Act.  Tenn. Code Ann. § 4-21-311(d).

Plaintiff filed her original complaint on October 26, 2009
within the applicable one-year time period.  (D.E. 1.)  Although
Plaintiff is correct that the filing of the complaint, not the
issuance of the summons, is the commencement of the action for
the purposes of the statute of limitations, see Harris v.
Marriott Int'l, Inc., No. M1999-00096-COA-R3-CV, 2001 WL 378552,
at *3 (Tenn. Ct. App. April 17, 2001), this issue is not in
dispute.  Instead, the questions before the Court are (1)
whether naming "John Doe" in a complaint effectively tolls the
statute of limitations period, (2) whether Plaintiff can amend
her complaint pursuant to Federal Rule of Civil Procedure 15(c)
to add Dr. Webb as a defendant, and (3) whether the statute of

6

limitations period can be tolled because Plaintiff was unaware
of Defendant's identity and nonresident status.

**A.   Naming of "John Doe" Does Not Commence a Civil Action
Against Dr. Webb**

Plaintiff's original Complaint filed on October 26, 2009
lists "JOHN DOE" as a defendant but does not name Dr. Webb.
(D.E. 1.)  "Where a plaintiff is temporarily unable to ascertain
a defendant's actual name, the plaintiff may initially file a
complaint that names an unknown defendant by using a 'John Doe'
. . . appellation or similar pseudonym."  Smith v. City of
Chattanooga, No. 1:08-cv-63, 2009 U.S. Dist. LEXIS 103158, at
*12 (E.D. Tenn. Nov. 4, 2009).  Simply identifying an unknown
defendant in the complaint by the pseudonym of John Doe,
however, is not enough to commence a civil action against that
unknown defendant.  Id.; see also Cox v. Treadway, 75 F.3d 230,
240 (6th Cir. 1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d
1023, 1028 (6th Cir. 1968).  Until Plaintiff files an amended
complaint under Federal Rule of Civil Procedure 15 that
"identifies and adds or joins a John Doe defendant by his true
name, the John Doe allegations in the complaint are mere
surplusage."  Smith, 2009 U.S. Dist. LEXIS 103158, at *13.

**B.    Plaintiff's Claims Against Dr. Webb Subject to the One-Year Statute of Limitations Must Be Dismissed Because She Cannot Now Timely Amend Her Complaint to Reflect His Identity**

Where an amendment to a complaint would add a new party, the amendment must come within the statute of limitations period or relate back to the original filing date of the complaint. See Cox, 75 F.3d at 240.  Naming a John Doe defendant cannot save a pleading from this requirement.  See id.; Force v. City of Memphis, No. 95-6333, 1996 U.S. App. LEXIS 30233, at *11-12 (6th Cir. Nov. 14, 1996).  In order for Plaintiff's proposed Second Amended Complaint (D.E. 61-1) to come within the applicable statute of limitations, Plaintiff would have needed to file such an amendment by October 29, 2009, one year after the alleged conduct giving rise to the basis of Plaintiff's claims.  Therefore, Plaintiff's claims against Dr. Webb may only survive dismissal if the proposed Second Amended Complaint can relate back to the original date she filed suit.  See Cox, 75 F.3d at 240.

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments to the date of the original pleading.  It provides:

    (1)    *When an Amendment Relates Back*.  An amendment to a pleading relates back to the date of the original pleading when:

        A. the law that provides the applicable statute of limitations allows relation back;

      B. the amendment asserts a claim or defense that
         arose out of the conduct, transaction, or
         occurrence set out—or attempted to be set out—
         in the original pleading; or

      C. the amendment changes the party or the naming
         of the party against whom a claim is asserted,
         if Rule 15(c)(1)(B) is satisfied and if, within
         the period provided by Rule 4(m) for serving
         the summons and complaint, the party to be
         brought in by amendment:

         (i)    received such notice of the action that
              it will not be prejudiced in defending
              on the merits; and

         (ii)   knew or should have known that the
              action would have been brought against
              it, but for a mistake concerning the
              proper party's identity.

Fed. R. Civ. P. 15(c)(1).  Plaintiff's motion to amend meets

Rule 15(c)(1)(B)'s requirement that the amendment relate to "a

claim . . . that arose out of the conduct . . . set out . . . in

the original pleading" because she is seeking to add the name of

Dr. Webb, the party allegedly responsible for the conduct that

occurred October 29, 2008.  Plaintiff, however, must still

satisfy the two requirements of subsection (c)(1)(C), which she

cannot do.

    Dr. Webb did receive notice of the pending action within

the time allowed by Federal Rule of Civil Procedure 4(m).  (See

D.E. 41 (Order Granting Plaintiff's Motion to Extend Time to

Serve Defendant John Doe); D.E. 44 (summons served and addressed

to "James Hugh Webb (Defendant, John Doe)" on March 22, 2010).)

Even assuming Plaintiff could establish that Dr. Webb would not be prejudiced by defending this cause of action, Plaintiff, cannot satisfy Rule 15(c)(1)(C)'s second requirement: that, "but for a mistake concerning the proper party's identity," the proposed new defendant knew or should have known that an action would have been brought against him.  Fed. R. Civ. P. 15(c)(1)(C)(ii).  There is no evidence that Dr. Webb, an individual not affiliated with Delta or Northwest in any legally relevant manner, knew or should have known that Plaintiff's suit would have been brought against him, but for a mistake concerning his identity.[4]

Additionally, the Sixth Circuit is clear that "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)."  See, e.g. Moore v. Tennessee, 267 F. App'x 450, 455 (6th Cir. 2008) (citing Cox, 75 F.3d at 240 ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a

---

[4]     Compare Krupski v. Costa Crociere S.p.A., No. 09-337, slip op. at 3-4, 16-18, 560 U.S. -- (2010) (complaint conveyed plaintiff's attempt to sue Costa Crociere S.p.A., the owner, operator, manager, supervisor, and controller of a cruise ship, but erroneously named Costa Cruise, the North American sales and marketing agent for Costa Crociere, a legally distinct but related entity; the Court found that Costa Crociere had constructive knowledge of the action and should have realized it had not been named but for plaintiff's misunderstanding about the legal relationship between the two related business entities), with Lovelace v. City of Memphis Police Dep't, No. 08-2776, 2010 WL 711190, at *5 (W.D. Tenn. Feb. 24, 2010) (declining to infer that police officers had constructive knowledge of a complaint filed against the Memphis Police Department because the officers, although employed by the defendant, "were not high-ranking supervisors or would have had any other reason to be aware of the legal affairs of the Memphis Police Department.").

mere substitution of parties.")).  Because Dr. Webb did not have actual or constructive notice of the action, and because naming an unknown defendant is not a "mistake or misnomer," a late-filed amendment to add him as a party cannot meet Rule 15's mistaken identity requirement.  See Cox, 75 F.3d at 240. Plaintiff's failure on Rule 15(c)(1)(C)(ii) is sufficient to preclude her suit against Dr. Webb.

### C.   **Statute of Limitations Tolling Provisions**

Since the statute of limitations period has expired, and Plaintiff cannot amend her complaint to relate back to the filing date of the original Complaint, Plaintiff's claims against Dr. Webb can only survive if she articulates some basis for tolling the one-year statute of limitations.  First, Plaintiff argues that her "lack of knowledge as to Webb's identity and his whereabouts" should toll the running of the statute of limitations pursuant to Tennessee Code Annotated § 28-1-111.  Second, without articulating a legal basis for her assertion, Plaintiff contends that her claims against Dr. Webb are timely because she served him shortly after discovering his identity from Delta's passenger manifest.  (Pl.'s Resp. at 2.) The Court construes this statement as an attempt to argue that the "discovery rule" prevented the statute of limitations from running until Plaintiff discovered Dr. Webb's identity in March 2010.

### i. Tennessee Code Annotated § 28-1-111

Tennessee Code Annotated § 28-1-111 provides an exception to the application of the statute of limitations period when a defendant is absent from the state.  The statute provides:

> If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

Tenn. Code Ann. § 28-1-111.

Plaintiff's contention that Tennessee Code Annotated § 28-1-111 should apply to toll the statute of limitations because Dr. Webb's identity was unknown to Plaintiff prior to March 2010 is without merit.  First, the text of § 28-1-111 makes no reference to situations where the identity of a defendant is unknown; rather, the statute is directed towards plaintiffs who cannot effectuate service on an absent defendant, a situation not present in Plaintiff's case.[5]

---

[5]     The record indicates that Dr. Webb was served at 4543 Golf Creek Drive, Sylvania, Ohio.  (D.E. 44.)  Although personal jurisdiction has not been disputed by Dr. Webb, it appears from the facts that he has sufficient "minimum contacts" with Tennessee to subject him to the jurisdiction of the Court, see International Shoe Co. v. Washington, 325 U.S. 310 (1945), and could have been served pursuant to any one of the methods listed in Federal Rule of Civil Procedure 4(e).  Plaintiff has not disputed these issues.

Second, Tennessee courts dealing with the applicability of the suspension statute in other situations, most notably as it deals with nonresident motorists, have found that the tolling provision is not applicable when the time of a defendant's nonresidence does not affect the plaintiff's right to sue.  See Arrowood v. McMinn County, 121 S.W.2d 566, 567 (Tenn. 1938) (recognizing that the suspension statute should not be used to toll the statute of limitations period indefinitely while disregarding valid available methods of serving a nonresident defendant).  In Lam v. Smith, 891 S.W.2d 207 (Tenn. 1994), the Tennessee Supreme Court found that the Arrowood rule should not automatically apply to a situation where the plaintiff has no knowledge that the defendant is an out-of-state resident.  Id. at 212.

> *Rather, the plaintiff may rely on the suspension statute if the failure to utilize the method of service is justified under the circumstances of the case.* In other words, if the plaintiff has used due diligence in trying to ascertain the location of the defendant, he is not precluded from relying upon the suspension statute.

Id. (emphasis in original) (finding plaintiffs exhibited due diligence in ascertaining the location of the defendant by attempting process at her last known address, contacting her insurance company, hiring a private process server, and hiring two private detectives).

13

Even applying the more lenient holding from <u>Lam</u>,
Plaintiff has failed to offer any evidence as to why the
suspension statute should apply to her claims against Dr.
Webb.  Plaintiff has not alleged that Dr. Webb's absence
from Tennessee affected her ability to effect service upon
him.  Moreover, Plaintiff has offered no evidence that she
diligently tried to ascertain Dr. Webb's identity and
location following the events on October 29, 2008.  As a
result, Tennessee Code Annotated § 28-1-111 is inapplicable
to Plaintiff's claims.

### ii. "Discovery Rule"

"When the cause of action accrues is determined by applying
the discovery rule." <u>John Kohl & Co. P.C. v. Dearborn & Ewing</u>,
977 S.W.2d 528, 532 (Tenn. 1998).[6]  The discovery rule recognizes
that a cause of action in tort does not exist until a judicial
remedy is available to the plaintiff; "and before a judicial
remedy exists, two elements must coalesce, (1) a breach of some
legally recognized duty owed by the defendant to the plaintiff;

---

[6]     Although Tennessee state law governs the statute of limitations period
for civil actions brought under federal civil rights statutes, when those
causes of action begin to accrue "is a question of federal law that is *not*
resolved by reference to state law." <u>Wallace v. Kato</u>, 549 U.S. 384, 388
(2007).  The statute of limitations period for a federal law claim, such as
Plaintiff's § 1985 claim, "begins to run when the plaintiff knows or has
reason to know of the injury that is the basis of his actions." <u>Collyer v.
Darling</u>, 93 F.3d 211, 220 (6th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1267
(1997).  A plaintiff has reason to know of his injury when he should have
discovered it through the exercise of reasonable diligence.  <u>Friedman v.
Estate of Presser</u>, 929 F.2d 1141, 1159 (6th Cir. 1991).  The Court notes the
distinction between the state and federal law "cause of action accrual"
tests, but recognizes that under either, Plaintiff's state and federal law
claims against Dr. Webb accrued on October 29, 2008.

(2) that causes the plaintiff some legally cognizable damage." Foster v. Harris, 633 S.W.2d 304, 305 (Tenn. 1982) (citation omitted). Thus, the statute of limitations will not run against a plaintiff "until [s]he discovered, or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced h[er] injury; and (2) the *identity of the defendant who breached the duty*." Id. (emphasis added).

The plaintiff, however, has a duty to act with reasonable diligence to ascertain the identity of a defendant. See Grindstaff v. Bowman, No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *6 (Tenn. Ct. App. May 29, 2008) ("[Plantifs] have a duty to investigate and discover pertinent facts 'through the exercise of reasonable care and due diligence.'" quoting Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509, 520 (Tenn. 2005)). If the plaintiff's lack of knowledge regarding the defendant's identity was due to a lack of due diligence, she "will not be allowed to plead ignorance and effectively extend the statute of limitations, by way of the discovery rule, simply because [she] later discovered 'new' information that [she] 'reasonably should have discovered' much earlier." Id.

The Court finds that Plaintiff's claims against Dr. Webb accrued on October 29, 2008, the date of the Northwest flight. Plaintiff then waited until three days before the statute of

15

limitations period expired before filing her original Complaint, which failed to name Dr. Webb as a defendant.  Plaintiff offers no evidence that she took any steps to ascertain Dr. Webb's identity or location during this time.  Simply because Plaintiff did not discover Dr. Webb's identity until approximately seventeen months after the October 29, 2008 flight is not a valid basis for extending the statute of limitations when it may have been possible to obtain this information at an earlier date with reasonable diligence.

As a result, Plaintiff's claims against Dr. Webb for assault, battery, intentional infliction of emotional distress, and malicious harassment are time-barred, and therefore DISMISSED with prejudice.

### D.  Tortious Interference

Plaintiff's only remaining claim against Dr. Webb is for "tortious interference."  (Am. Compl. ¶¶ 72-74.)  Plaintiff's Amended Complaint asserts that "she has been treated differently than other passengers who are Caucasian; she has been deprived of the benefits of her contract of non-discriminatory carriage; she continues to suffer irreparable injuries relating to embarrassment, degradation, humiliation, emotional stressors, physical pain and mental anguish."  (Id. ¶ 73.)  In her response, Plaintiff specifies that her claim is for "tortious interference with a business relationship."  (Pl.'s Resp. at 3.)

16

Plaintiff's Amended Complaint, response in opposition to Dr. Webb's motion to dismiss, and her proposed Second Amended Complaint make it unclear whether she is asserting a claim for interference with a contractual or non-contractual relationship.

In either scenario, the applicable statute of limitations period is three years.  See Tigg v. Pirelli Tire Corp., 232 S.W.3d 28, 31 n.1 (Tenn. 2007) (citing Tennessee Code Annotated § 28-3-105(1) as the applicable three-year statute of limitations for claims for interference with a contract); Smith v. Rosenthal Collins Group, LLC, 340 F. Supp. 2d 860, 863-64 (W.D. Tenn. 2004) (applying Tennessee Code Annotated § 28-3-105 for state law claims for tortious interference with a contract and tortious interference with a business relationship). Therefore, it would be possible for Plaintiff to timely add Dr. Webb as a defendant for either of these claims.  Dr. Webb, however, contends that even if Plaintiff's tortious interference claim is not time-barred, she has failed to establish sufficient facts entitling her to relief.

### i. Tortious Interference with a Contract

Tennessee law permits recovery for tortious interference with the performance of a contract if the injured party establishes that (1) there was a legal contract; (2) the defendant knew of the existence of the contract; (3) the defendant intended to induce a breach of the contract; (4) the

17

defendant acted maliciously; (5) the contract was actually breached; (6) the defendant's acts were the proximate cause of the breach; and (7) damages resulted from the breach. See <u>Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.</u>, 13 S.W.3d 343, 359 (Tenn. Ct. App. 1999). A complaint for tortious interference with a contract must do more than simply parrot the legal elements of the cause of action. <u>Lee v. State Volunteer Mut. Ins. Co.</u>, No. E2002-03127-COA-R3-CV, 2005 WL 123492, at *10 (Tenn. Ct. App. Jan. 21, 2005).

Plaintiff's Amended Complaint[7] is devoid of any specific allegations regarding the legal contract that was breached. Plaintiff merely states that she "possessed a ticket on NWA in her name providing for passage from Memphis, Tennessee to Detroit, Michigan." (Am. Compl. ¶ 10.) She then cites 49 U.S.C. § 40127(a), which provides that "[a]n air carrier . . . may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." (<u>Id.</u> ¶ 12.) Plaintiff has provided no legal authority that this statutory duty is also an implied term of her airline ticket, nor has this Court found support for this contention. To the extent it can be construed that Plaintiff

---

[7] The Court notes that Plaintiff's motion to amend her Complaint and Amended Complaint to add Dr. Webb as a defendant does not alter or supplement the facts supporting her claims against Dr. Webb. The Court's analysis regarding Plaintiff's tortious interference claims therefore is not affected by the Plaintiff's proposed Second Amended Complaint.

has asserted a claim for tortious interference with the performance of a contract, the Court GRANTS Dr. Webb's Motion to Dismiss.

### ii. Tortious Interference with Business Relationships

Tennessee state law imposes liability for tortious inference with business relationships provided that the "plaintiff can demonstrate the following: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's *improper motive or improper means*, . . . and finally, (5) damages resulting from the tortious interference." Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002) (emphasis in original). The Tennessee Supreme Court noted that relations protected against intentional interference by this claim, "include any prospective contractual relations . . . if the potential contract would be of pecuniary value to the plaintiff." Id. at 701 n.4 (adopting the discussion in Restatement (Second) of Torts § 766B cmt. c (1979)).

19

The Court finds that Plaintiff's Amended Complaint fails to allege any facts that she suffered a pecuniary loss as a result of Dr. Webb's conduct.  As a result of the alleged conduct, Plaintiff contends that she "experienced and has continued to endure fear, humiliation, embarrassment, mental pain and suffering."  (Am. Compl. ¶ 49.)  While these injuries are significant, Plaintiff's Amended Complaint simply does not allege the type of a business relationship or harmed interests that this claim is intended to redress.  See Trau-Med of Am., Inc., 71 S.W.3d at 698 (noting that the claim originated from the principle "that a defendant should be held responsible for interfering in the noncontractual business relationships of a plaintiff with motives or means contrary to those used to further lawful competitive business practices.").  To the extent it can be construed that Plaintiff has asserted a claim for tortious interference with business relationships, the Court GRANTS Dr. Webb's Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Dr. Webb's Motion to Dismiss Amended Complaint and DENIES Plaintiff's Motion to Amend Complaint and Amended Complaint as moot.

SO ORDERED this 19th day of July, 2010.

s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE

20