IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KATHLEEN WILSON            )
                           )
    Plaintiff,             )
                           )
v.                         )   No. 09-cv-2687-JPM-tmp
                           )
DELTA AIRLINES, INC.,      )
Successor to               )
NORTHWEST AIRLINES, INC., and )
JOHN DOE,                  )
                           )
    Defendants.            )

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

Before the Court is the November 4, 2010 Motion of James Hugh Webb, M.D. ("Dr. Webb") for a Protective Order and for Sanctions against Plaintiff for filing a Rule 35 motion for physical and mental examination of Dr. Webb, a non-party to this case. (Docket Entry ("D.E.") 81.) Upon de novo review, having considered the arguments of both parties, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and GRANTS Dr. Webb's Motion for a Protective Order and for sanctions.

**I. Facts and Procedural History**

This case arises from an encounter that occurred aboard a Northwest Airlines, Inc. ("Northwest") flight from Memphis, Tennessee to Detroit, Michigan on October 29,

1

2008.  (Am. Compl. (D.E. 25) ¶ 24.)  Plaintiff filed the original complaint on October 26, 2009.  (D.E. 1.)  On February 22, 2010, Plaintiff filed an amended complaint that for the first time attempted to allege claims against Dr. Webb.  (D.E. 25.)  On July 19, 2010, the Court issued an Order granting Dr. Webb's Motion to Dismiss.[1]  (D.E. 64.)  On August 3, 2010, Plaintiff filed a Motion for the Court to Reconsider its Order granting Dr. Webb's Motion to Dismiss (D.E. 67), which the Court denied on September 27, 2010 (D.E. 73).  Dr. Webb never became a defendant in this lawsuit.

On October 13, 2010, Plaintiff filed a Motion for Physical and Mental Examination of Dr. Webb, pursuant to Rule 35 of the Federal Rules of Civil Procedure.  (D.E. 78.)  Dr. Webb filed a Combined Response and Motion for a Protective Order and for Sanctions on November 4, 2010.[2]  (D.E. 81.)  The Court referred Dr. Webb's Motion to the United States Magistrate Judge for Report and Recommendation on November 9, 2010.  (D.E. 86.)  Plaintiff responded to Dr. Webb's Motion (D.E. 84) and filed a Notice

---

[1] For a complete recitation of the facts, see the Court's Order Denying Plaintiff's Rule 59(e) Motion to Reconsider the Court's Order Granting Dr. Webb's Motion to Dismiss (D.E. 73), filed September 27, 2010, and the Court's Order Granting Dr. Webb's Motion to Dismiss (D.E. 64), filed July 19, 2010.

[2] Dr. Webb filed a Combined Motion to Quash and for a Protective Order in a separate proceeding before the United States District Court for the Northern District of Ohio, seeking "to prevent further subpoenas being directed to Dr. Webb."  (D.E. 78-2, at 4.)

2

of Withdrawal of her Motion for Physical and Mental Examination of Dr. Webb on November 9, 2010.[3] (D.E. 85).

The Magistrate Judge issued her Report and Recommendation on November 16, 2010, recommending that "Dr. Webb's Motion for a Protective Order be granted in part and that his Motion for Sanctions be granted." (D.E. 88.) Plaintiff filed objections to the Report and Recommendation on November 22, 2010 (D.E. 89), and Dr. Webb filed a response on December 9, 2010 (D.E. 94).

## II. Standard of Review

A district judge should conduct de novo review when a magistrate judge has entered a report and recommendation as to a pre-trial motion under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b). The judge may accept, reject, or modify the recommendations of the magistrate judge and may receive additional evidence on the matter. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

## III. Analysis

Plaintiff raises several objections to the Magistrate Judge's recommendations. The Court addresses each argument in turn.

---

[3] On October 1, 2010, Plaintiff and Dr. Webb filed a Joint Motion for Entry of a Final Judgment as to all claims asserted against Dr. Webb. (D.E. 77.) While the Court entered a judgment as to all claims against Dr. Webb (D.E. 83), the Court vacated that judgment on December 23, 2010 (D.E. 98).

3

### A. Motion for Protective Order

The Court has discretion under Rule 26(c) of the Federal Rules of Civil Procedure to enter a protective order "if justice requires and to protect individuals from 'annoyance, embarrassment, oppression, or undue burden or expense.'" See Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting Fed. R. Civ. P 26(c)).  As discussed in greater detail in the next section, Plaintiff's Rule 35 Motion and subsequent filings demonstrate that she still considers Dr. Webb to be a party to the case with an obligation to participate in discovery, despite (1) the Court's ruling that Plaintiff never successfully commenced an action against Dr. Webb and (2) the Court's order dismissing all claims Plaintiff attempted to assert against Dr. Webb.  (See D.E. 64.)  The Court agrees with the Magistrate Judge that "a protective order should be granted to the extent that Dr. Webb seeks to prohibit [Plaintiff] from propounding discovery to him as a party defendant," in order to prevent further annoyance, burden, and expense to Dr. Webb.  (Rep. and Rec. 2.)

Plaintiff objects that the Magistrate Judge failed to consider the arguments in Plaintiff's Response to Dr. Webb's Motion for a Protective Order and for Sanctions.  (Pl.'s Objections 2.)  Plaintiff emphasizes that the Report

4

and Recommendation did not discuss the proceedings before the United States District Court for the Northern District of Ohio (the "Ohio court"). (Pl.'s Exception and Resp. to Report and Recommendation on Dr. James Hugh Webb's Mot. for Protective Order and Sanctions ("Pl.'s Objections") (D.E. 89) 5.) The Court does not agree. The Ohio proceedings were discussed at length in Plaintiff's Motion for a Physical and Mental Examination of Dr. Webb (D.E. 78) and in Dr. Webb's Combined Response and Motion for a Protective Order and for Sanctions on November 4, 2010 (D.E. 81), both of which were expressly acknowledged in the Report and Recommendation. (See Rep. and Rec. 1-2.)

Moreover, the Ohio proceedings have no bearing on the relief recommended in the Report and Recommendation. Dr. Webb's Combined Motion to Quash and for a Protective Order, filed in the Ohio court, seeks to "prevent further subpoenas being directed to Dr. Webb." (D.E. 78-2.) By contrast, the Report and Recommendation recommends a protective order "to prohibit Wilson from propounding discovery to him as a party defendant." (Report and Recommendation ("Rep. and Rec.") 2.) The purpose of this protective order is entirely different from the protective order filed in the Ohio court. Therefore, the Magistrate

5

Judge did not err in failing to discuss the Ohio proceedings.[4]

Accordingly, upon de novo review and for the reasons noted above, this Court ADOPTS the Magistrate Judge's recommendation that Dr. Webb's Motion for a Protective Order be GRANTED in part.[5]

**B. Motion for Sanctions**

The Court has the authority to award reasonable expenses and attorneys' fees when granting a protective order to "[a] party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(3) (referring to Fed. R. Civ. P. 37(a)(5)). Rule 37(a)(5) of the Federal Rules of Civil Procedure states that a "movant" is entitled to attorneys' fees and expenses from "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both." Id.

Under Rule 37, the Court "must, after giving an opportunity to be heard," require the unsuccessful party to

---

[4] Plaintiff argues that Defendants and Dr. Webb's counsel in Ohio failed to send Plaintiff a letter, dated September 2, 2010, that was submitted to the Ohio court in support of the Motion for a Protective Order before that court. (Pl.'s Objections 3.) Plaintiff also asserts that while Dr. Webb's local Ohio counsel suggested to Plaintiff that the deposition of Dr. Webb take place as soon as possible, "neither Delta's counsel nor Plaintiff's counsel could get a commitment out of local counsel as to Dr. Webb's availability." (Id. at 4.) For the reasons noted above, these arguments have no bearing on the merits of Defendant's separate Motion for a Protective Order before this Court.
[5] The portion of Dr. Webb's original request for a protective order pertaining to Rule 35 became moot after Plaintiff withdrew her Rule 35 Motion on November 9, 2010. (See D.E. 85.)

6

pay the fees and expenses incurred by the successful party in making the motion, unless "(i) the movant filed the motion attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5).  A motion is "substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban Cnty. Gov't, 407 F.3d 755, 766 (6th Cir. 2005)(citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  Rule 37 creates a rebuttable presumption that sanctions will be imposed in this context.  See, e.g., Abrams v. First Tenn. Bank Nat'l Ass'n, No. 3:03-cv-428, 2006 U.S Dist. LEXIS 80456, at *8-9 (E.D. Tenn. Nov. 2 2006) (citations omitted).

Plaintiff filed a Motion for Physical and Mental Examination of Dr. Webb, pursuant to Rule 35 of the Federal Rules of Civil Procedure.  (D.E. 78.)  Dr. Webb, though not a party in this case, is a person from whom discovery was sought as well as the "movant" for the Motion for a Protective Order before this Court.

Plaintiff objects that Dr. Webb, as a non-party, is limited to relief under Rule 45 of the Federal Rules of Civil Procedure. (Pl.'s Objections 5.) The Court does not agree. Dr. Webb's Motion for a Protective Order was not brought under Rule 45. Only the subpoena issued by Plaintiff in the Ohio proceedings implicates Rule 45. (See D.E. 78-2.)

The Court agrees with the Magistrate Judge that Dr. Webb is entitled to reasonable expenses and attorneys' fees incurred in arguing his Motion for a Protective Order and for Sanctions. As noted earlier, Dr. Webb has never been a party to this case. The Court previously dismissed all claims that Plaintiff attempted to assert against Dr. Webb and ruled that Plaintiff never properly commenced an action against Dr. Webb. (See D.E. 64.) A valid Rule 35 motion for physical and mental examination requires that the "person to be examined . . . be a party to the case." Schlagenhauf v. Holder, 379 U.S. 104, 115 (1964); Duke v. Pfizer, Inc., 867 F.2d 611, at *10 (6th Cir. 1989) (holding that Rule 35 "specifically applies only to parties").

Plaintiff argues that because the Court had not entered a final judgment as to Dr. Webb prior to Plaintiff's filing of the Rule 35 motion, Dr. Webb was technically a "party" when that motion was filed.

8

Plaintiff's argument misstates the law. Upon dismissal, a former defendant is no longer a "party" to the lawsuit. See, e.g., Bennett v. Pippin, 74 F.3d 578, 586-87 (5th Cir. 1996) (rejecting the argument that defendant had been a party throughout the lawsuit because no judgment as to the claims against defendant had been entered).

Plaintiff also does not satisfy the "in controversy" requirement of Rule 35. This requirement is not fulfilled by "mere relevance to the case." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Instead, it is met only by "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination," such as when a plaintiff alleges damages based on a physical or mental injury. Id. By contrast, the "in controversy" requirement is not satisfied when the mental or physical condition of a witness is not in controversy in the underlying dispute and is only relevant as to whether the witness is competent or able to testify. See, e.g., Clark v. Geiger, 31 F.R.D. 268, 270-71 (E.D. Pa. 1962) (refusing to order a Rule 35 examination to ascertain a witness's competency because his mental condition was not in controversy in the litigation). Plaintiff seeks a Rule 35 mental and physical examination

of Dr. Webb solely to obtain a determination as to Dr. Webb's mental and physical ability to be deposed. (See D.E. 84, 89.)

Plaintiff has failed to meet her burden in showing that her Rule 35 motion is "substantially justified" such that it "raises an issue about which there is a genuine dispute." See Pickering v. Mukasey, 306 F. App'x 246, 248 (6th Cir. 2009) (citations omitted) (finding that the non-moving party bears the burden of demonstrating that its position was substantially justified, that is, reasonable in both law and fact).

Accordingly, upon de novo review, this Court ADOPTS the Magistrate Judge's recommendation that Dr. Webb's Motion for Sanctions, which includes reasonable expenses and attorneys' fees, be GRANTED.[6]

**IV. Conclusion**

The Court has reviewed the Report and Recommendation and the relevant briefs. Based on a de novo review of the record before the Magistrate Judge, the Court ADOPTS the

---

[6] Plaintiff argues that the Court should apportion the claimed expenses, since the Magistrate Judge only recommended that the protective order be granted in part. (Pl.'s Objections 5.) Under Federal Rule of Civil Procedure 35(a)(5)(c), apportionment of fees is not mandatory. As noted previously, the part of Dr. Webb's original request for a protective order pertaining to Rule 35 became moot after Plaintiff withdrew her Rule 35 Motion on November 9, 2010. (See D.E. 85.) Plaintiff withdrew her Rule 35 motion more than one week after the November 1, 2010 response deadline, when Dr. Webb had already expended resources defending against Plaintiff's Rule 35 motion. Accordingly, the Court declines to apportion the expenses.

10

Report and Recommendation in its entirety and ORDERS that Defendant's Motion for a Protective Order and for Sanctions be GRANTED.

SO ORDERED this 7th day of January, 2011.

/s/ JON PHIPPS MCCALLA
CHIEF UNITED STATES DISTRICT JUDGE